UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-3968

CIV-SEITZ

MAGISTRATE JUDGE GARBER

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. IP 95-536-C-B/S |
| | ) | Southern District of Indiana |
| ZENITH LABORATORIES, INC., | ) | |
| Defendant. | ) | |

## IVAX CORPORATION, PHILLIP FROST AND RICHARD C. PFENNIGER, JR.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENAS

Non-parties, IVAX Corporation, Phillip Frost and Richard C. Pfenniger, Jr., by and through undersigned counsel and pursuant to Rules 45 and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 7.1(e) of the Southern District of Florida, hereby file this motion for protective order and to quash subpoenas from this Court which were served by Eli Lilly and Company, ("Lilly") with regard to litigation pending in the United States District Court for the Southern District of Indiana (Case No. IP 95-536-C-B/S). In support thereof, the non parties state as follows.

## I. Introduction

The underlying action was filed by Lilly in 1995 against Zenith Laboratories, Inc. ("Zenith")[1] asserting claims for patent infringement. Zenith has asserted counterclaims for antitrust violations and for unfair competition.

[1] Ivax Corporation is the parent corporation of Zenith.

The dispute before this Court concerns the issuance of three subpoenas from this Court by counsel for Lilly: 1) a subpoena duces tecum to IVAX Corporation which seeks the production of 11 categories of documents on or before October 23, 2000; 2) a subpoena seeking to take the deposition of Dr. Phillip Frost, the Chairman of the Board and Chief Executive Officer of IVAX Corporation, on October 25, 2000; and 3) a subpoena to Richard C. Pfenniger, Jr., the former Chief Operating Officer of IVAX Corporation, seeking to take his deposition on October 26, 2000. Copies of the subpoenas are attached hereto as Exhibit "A." As explained herein, the subpoena to IVAX is overbroad and unduly burdensome and allows insufficient time for the gathering and review of potentially voluminous documents(only 12 days).[2] Moreover, the deposition subpoenas should be quashed and a protective order entered because it makes no sense to permit these depositions to proceed until the issues relating to the documents are resolved and also because the currently scheduled deposition dates afford Frost and Pfenniger inadequate time to prepare for their depositions.

## II. Factual Background

On September 28, 2000, in response to the deposition testimony of one of the witnesses in the litigation, Thomas Slater, Jr., counsel for Lilly, served via overnight delivery on Stephen Arthur and Keith Rounsaville, co-counsel for Zenith, a letter regarding additional depositions that Lilly intended to conduct. (Letter from Thomas Slater, Jr., attached hereto as Exhibit "B").

In that letter, Lilly stated its intention to depose Frost on October 16, 2000 and Pfenniger on

---

[2] IVAX has already served written objections to the subpoena pursuant to Rule 45, thus requiring Lilly to obtain an order compelling the production of documents. *See* Fed. R. Civ. P. 45(c)(2)(B), discussed <u>infra</u>.



STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

October 17, 2000. In addition, Lilly served a proposed subpoena on counsel for Zenith on behalf of IVAX, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in which IVAX, though not a party to the litigation, was commanded to review and produce documents relating to the pharmaceutical product which is at the center of this lawsuit, cefaclor. (Lilly's proposed Subpoena to IVAX, attached hereto as Exhibit "C")[3].

In response to Lilly's September 28th letter, counsel objected both to the propriety of the proposed subpoenas as well as the scheduling provided therein.

On October 6, 2000, Zenith's counsel sent an additional letter to counsel for Lilly clarifying its position. (Letter from Keith Rounsaville, attached hereto as Exhibit "D"). Zenith set forth the following four objections:

1. The subpoena is overbroad and compliance therewith would be unduly burdensome.

2. The time permitted for Ivax to respond to the subpoena is unreasonably short. Ivax will need at least 30 days to search for the documents identified in the subpoena.

3. The subpoena is overbroad and requests information not reasonably calculated to lead to the discovery of admissible evidence.

4. Lilly has made no provision, as required by Rule 45(c)(1), to avoid imposing undue burden or expense on IVAX in responding to the subpoena.

Lilly, unpersuaded by Counsel's objections to the propriety and scheduling of the depositions, restated its intention to serve the subpoenas of IVAX, Pfenniger, and Frost. At that

---

[3] The 9/28/00 Subpoena was not served on IVAX in accordance with the Federal Rules of Civil Procedure, and, at the time of Mr. Slater's letter, Zenith counsel had not agreed to accept service of the subpoenas on behalf of IVAX.

time, counsel for Zenith informed Lilly that it would accept service on behalf of IVAX, Pfenniger and Frost while preserving any applicable substantive or procedural objections to the subpoenas. (October 11, 2000 electronic mail from Steve Arthur to Lewis Powell, III, attached hereto as Exhibit "E"). On October 12, Mr. Arthur was served with the three IVAX subpoenas which are at issue in the present motion.

On October 19, 2000, IVAX served on counsel for Lilly its written objections to the subpoenas, pursuant to Rule 45(c)(2)(b). (Letter from Steve Arthur to counsel for Lilly, attached hereto as Exhibit "F"). This letter sets forth the previously described objections to the subpoena, namely that the subpoena did not allow sufficient time for compliance and was overbroad and unduly burdensome.

Because of the imminence of the pending depositions, the non-parties now move this Court for an Order quashing the Lilly subpoenas and granting a protective order.

## III. Argument

### A. Lilly's Document Requests To IVAX

#### 1. Lilly Is Required To Obtain A Court Order Compelling Discovery

As mentioned above, IVAX has served written objections to the subpoena seeking the production of documents. As such, this invokes Rule 45(c)(2)(B), which states that where a party objects in writing to the discovery set forth in the subpoena within fourteen (14) days after service, "the party serving the subpoena **shall not** be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued." (emphasis added). Lilly has not moved this Court for an appropriate order compelling the production of the requested documents.

**2. Lilly's Discovery Requests to IVAX Are Vague, Ambiguous, Overbroad and Unduly Burdensome.**

"Rule 45(c) provides that the court shall quash a subpoena which subjects a person to undue burden, Fed.R.Civ.P. 45(c)(3)(A)(iv), and imposes on the party causing the subpoena to issue the duty to take 'reasonable steps to avoid imposing undue burden or expense on a person...' *Id.* at (c)(1)," *Irons v. Karceski, et al.*, 74 F.3d 1262, 1264 (D.C.Cir. 1995). The burden is on the party seeking information to establish a need for the breadth of the information sought in response to a non-party's prima facie showing that the discovery would be burdensome. *Katz v. Batavia Marine*, 984 F.2d 422, 423-424 (Fed.Cir. 1993). *See* also, *Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545 (11th Cir 1985)(court must balance the interests of parties).

The subpoena from Lilly is vague, ambiguous, facially overbroad and, as a result, is unduly burdensome and seeks documents that have no possible relevance to the underlying litigation. Lilly has failed to phrase its document requests narrowly and specifically. As to each of the eleven requests, the subpoena is facially overbroad because it seeks either "all" or "each and every" document within that subsection. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Texas 1998)(subpoenas requiring "any and all" documents related to three individuals facially overbroad). Furthermore, section "C" of Lilly's definitions, attached to Schedule A, states that "Documents' shall be interpreted in its broadest sense...." Section "D" of Lilly's request which defines the term "relating" is also overbroad insofar as it seems to call for the production of every document which even refers to the matters described in the requests without regard to the significance of that reference.

The requests themselves have more specific problems. Request No.1 fails to describe what is meant by "transaction documents." Request No.2 fails to define "due diligence request list" and like Request No. 3 describes "requests for information" but doesn't describe from whom. Request No 4 is overly broad insofar as it seeks all documents relating to contacts or communications with Zenith's suppliers. Request No.7 is plainly overbroad insofar as it seeks all documents relating to any business plans or forecasts and all of the assumptions underlying those used in preparing such forecasts or plans. Request No. 8 is similarly flawed insofar as it seeks all documents relating to any forms or materials filed with the SEC and also, on it face, seems to seek the production of privileged information. Request No. 9 is also overbroad insofar as it seeks "all documents relating" to IVAX's calculations of the acquisition value of Zenith. Request No. 11 is vague and ambiguous insofar as it refers to "debriefing notes" or memoranda reflecting the substance of such statements and also seeks, on its face, privileged information.

Because of the broad scope of Lilly's requests, IVAX will likely be forced to review virtually every single one of the documents generated in connection with IVAX's acquisition of Zenith in order to assure compliance with Lilly's request. There can be no question that this imposes an undue burden. Affidavit of IVAX Corporation attached hereto as Exhibit "G."

In sum, it is clear that Lilly has violated Rule 45(c)(3)(A)(iv) and failed to avoid imposing an undue burden upon IVAX by narrowly tailoring its subpoena. The subpoena should be quashed.

**3. Lilly's Subpoena Provides Insufficient Time For Compliance**

Rule 45(c)(3)(A)(i) provides that the failure to allow reasonable time to comply with a discovery request is sufficient grounds to quash a subpoena served pursuant to Rule 45. In the present case IVAX accepted service on October 12, 2000, on a subpoena which seeks the production



STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 789-3200

of documents by October 23, 2000. Lilly has provided IVAX with only twelve days to comply with a subpoena which, as explained above, calls for the review of potentially voluminous documents.

Moreover, the documents requested by Lilly primarily concern documents produced during the course of IVAX's acquisition of Zenith. Those documents are no longer easily accessible and will require IVAX to locate and remove the documents from storage and sort through each box in search of relevant documents.

Second, many of the persons involved in the creation of the requested documents on behalf of either Zenith or IVAX are no longer employed by IVAX. This will make the task of retrieving potentially responsive documents all the more onerous and time consuming. As a result, Lilly's request that IVAX produce the relevant documents within twelve days is as unrealistic as it is unreasonable. For that reason, Lilly's subpoena to IVAX is in violation of Rule 45(c)(3)(A)(i) and thus should be quashed by this Court.

**B. A Protective Order Should Be Entered As To The Depositions**

On October 12, 2000, Lilly served subpoenas to compel the depositions of Frost and Pfenniger on October 25th and 26th, respectively. Their subpoena to IVAX seeks the deposition of a designated representative on October 23rd. There are several compelling reasons why good cause exists for an entry of a protective order preventing the depositions as currently scheduled.

As an initial matter many of the documents that Lilly has requested from IVAX will be used in the depositions of both Pfenniger and Frost. The documents sought by Lilly are also obviously related to the deposition of the IVAX designee referenced in the IVAX subpoena duces tecum. By virtue of the written objections filed by IVAX, Lilly is not entitled to obtain copies of the relevant documents unless and until they obtain an order compelling production from the Court. As

mentioned above, there are obvious defects with the document requests which raise doubts whether Lilly will be entitled to the discovery which they seek. Consequently, a protective order should be entered postponing the depositions until at least such time as the issues relating to the documents are resolved and documents, if any, are produced. Moreover, there is no reason in the underlying litigation why the depositions must be taken during the time they are scheduled as opposed to some later mutually agreeable time period.

It makes no sense to permit these depositions to proceed without the document production issue being resolved. The deponents are entitled to sufficient time to prepare for their depositions. If they cannot complete an adequate review of the necessary documents and complete their preparation for the depositions, this will be prejudicial not only to IVAX, but also to Lilly.[4/] Lilly, by providing the deponents with such little notice, will likely not obtain satisfactory answers to many of its questions and could well be forced to expend its time and money to conduct a second deposition of each individual when they can be properly prepared for the depositions. *Carpenter Technology Corp. v. Armco, Inc.*, 1990 WL 61180 *4 (E.D. Pa.)(granting protective order postponing taking depositions until after document production is complete to avoid need for costly, piece meal depositions).

Even if the foregoing were not sufficient (and it plainly is), Pfenniger and Frost have other obligations during the week of October 23-27 which prevent them from having adequate time to confer with counsel and to prepare for depositions during the scheduled time period. Affidavit of

---

[4/]Given that it is unreasonable to expect IVAX to search for responsive documents within the time allotted by the subpoena, it is similarly unreasonable to permit depositions scheduled shortly thereafter to proceed.

Richard C. Pfenniger, Jr. attached hereto as Exhibit "H."[5] This alone is a basis for a protective order. *Judicial Watch, Inc. v. U.S. Dept. of Commerce,* 34 F. Supp 2d 47, 49 (D.D.C. 1998)(party may move to quash or modify subpoena to allow reasonable time to prepare).

Therefore, rather than allow such hasty, ill-conceived, and unreasonable depositions to occur, this Court should quash Lilly's subpoenas and require that Lilly re-issue its subpoenas with times and dates more reasonable and in compliance with the obligations of Rule 45(c) of the Federal Rules of Civil Procedure.

## IV. Conclusion

For all of the foregoing reasons, IVAX, Frost and Pfenniger respectfully request that this Court issue an Emergency Order quashing or modifying the subpoenas issued by Lilly to IVAX Corporation, Philip Frost, and Richard C. Pfenniger, Jr.

## V. Certification

IVAX Corporation, by counsel, certifies to the Court that it has made all reasonable efforts to confer with counsel for Eli Lilly and Company in a good faith effort to informally resolve the

---

[5]Dr. Frost is presently out of the country and therefore unable to sign his affidavit. Dr. Frost's affidavit will be submitted to the Court upon his return.

issues raised herein. IVAX further certifies that such reasonable and good faith efforts to date have been unsuccessful. The parties are still trying to resolve the issues but the imminent date of the deposition necessitates the filing of this Motion.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone (305) 789-3200
Facsimile (305) 789-3395

By: ______________________
RICHARD B. JACKSON
Florida Bar No. 898910
JOSE G. SEPULVEDA
Florida Bar No. 154490

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was sent via facsimile and U.S. Mail upon all counsel on the attached Service List, on this 19th day of October, 2000.

______________________
JOSE G. SEPULVEDA

**SERVICE LIST**

John R. Schaibley, III
Nancy G. Tinsley
Baker & Daniels
300 North Meridian St., Ste 2700
Indianapolis, IN 46204
Attorneys for Plaintiff Eli Lilly and Company

Paul H. Berghoff
Grantland G. Drutchas
James C. Gumina
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive, Suite 700
Chicago, IL 60606

Douglas K Norman
James P. Leeds
Eli Lilly and Company
Lilly Corporate Center
Indianapolis, IN 56285
Of Counsel for Plaintiff
Eli Lilly and Company

Lewis F. Powell, III, Esq.
Hunton & Williams
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219-4074
Attorneys for Plaintiff
Eli Lilly and Company

Stephen E. Arthur, Esq.
Harrison & Moberly
135 North Pennsylvania
Suite 2100
Indianapolis, IN 46204
Attorneys for Zenith
Laboratories

ATTACHMENT / EXHIBIT A

RECYCLED PAPER

AO 88(Rev. 11/91) Subpoena in a Civil Case

# United States District Court
Southern District of Florida

Eli Lilly and Company

v.

Zenith Laboratories, Inc.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: IP 95 536-C-B/S
Southern District of Indiana

TO: IVAX Corporation
SERVE: Richard Pfenniger
Registered Agent
8800 N.W. 36th Street
Miami, Florida 33166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hunton & Williams<br>One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | October 23, 2000<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hunton & Williams<br>One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | October 23, 2000<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Lewis F. Powell III (signature) Attorney for Plaintiff | October 11, 2000 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lewis F. Powell, III, Esquire
Hunton & Williams
Riverfront Plaza, East Tower, 951 East Byrd Street
Richmond, Virginia 23219-4074 804-788-8488

AO 88(Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

## RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(v) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding part to contest the claim.

SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Eli Lilly and Company, by counsel, hereby commands IVAX to produce and permit inspection and copying of the following documents, records and writings:

(1) All transaction documents relating to IVAX's acquisition of Zenith that relate to Zenith's suppliers of generic cefaclor or Zenith's efforts to obtain suppliers for generic cefaclor;

(2) Each and every "due diligence request list" or other request for information sent by IVAX's attorneys or financial advisors to Zenith which relate to Zenith's existing or proposed supply arrangements with ACS Dobfar, Opos, Gist Brocades or Ranbaxy;

(3) Each and every document responding to any "due diligence" requests or other requests for information, including, but not limited to, memoranda, agendas, or meeting minutes relating to Zenith's suppliers or potential suppliers of generic cefaclor, including but not limited to ACS Dobfar, Opos, Gist Brocades or Ranbaxy;.

(4) All documents relating to contacts or communications by or on behalf of IVAX to Zenith's suppliers or potential suppliers of generic cefaclor, including but not limited to correspondence, internal memoranda, records of telephone calls, or any memorialization of discussions regarding such contacts.

(5) All documents or materials received from Zenith, or anyone acting on behalf of Zenith, in response to a "due diligence request" or other request for information sent by or on behalf of IVAX relating to Zenith's suppliers of generic cefaclor or Zenith's efforts to obtain suppliers of generic cefaclor;

(6) Any documents relating to presentations made to IVAX by or on behalf of Zenith relating to Zenith's suppliers of generic cefaclor or Zenith's efforts to obtain suppliers of generic cefaclor prior to Zenith's acquisition by IVAX;

(7) All documents relating to business or financial forecasts or similar plans or presentations received from Zenith or made on behalf of Zenith, including but not limited to all background information and underlying assumptions used in preparing such forecasts or plans relating to the sale and marketing of cefaclor;

(8) All documents relating to any forms or materials filed with the U.S. Securities and Exchange Commission ("SEC") necessitated by the acquisition of Zenith. Such documents shall include but are not limited to:

(a) memoranda, correspondence, meeting minutes or other documents relating to the preparation of the disclosures required under SEC regulation SK 101, item C(I)(iii);

(b) all "comment letters" received from the SEC relating to IVAX's form S-4 filed in conjunction with IVAX's acquisition of Zenith; and

(c) all documents relating to IVAX's response to the comment letters described above, including but not limited to notes, memoranda, correspondence, and documents memorializing discussions relating to the preparation of such responses.

(9) All documents relating to IVAX's determination of the acquisition value of Zenith, including but not limited to all calculations and underlying assumptions, outside reports, or other *pro forma* documents.

(10) Any documents relating to the deposition testimony of Zenith's former president, John Klein, that agents or employees of ACS Dobfar or Interchem told him that ACS Dobfar was willing to sell cefaclor to Zenith, but that Lilly would not permit ACS Dobfar to do so.

(11) All statements or other communications by IVAX to the United States Department of Justice or other federal governmental agencies or their personnel regarding cefaclor, and all debriefing notes or memoranda reflecting the substance of any such statements or communications, including any that relate to any grand jury testimony regarding cefaclor by IVAX or any of its current or former employees.

**DEFINITIONS**

(A) IVAX means IVAX Corporation and each of its present and former officers, directors, employees, agents, representatives, financial advisors, and attorneys; its direct or indirect corporate parents, subsidiaries, divisions, or affiliates; and its predecessors or successors.

(B) "Zenith" means Zenith Laboratories, Inc., and each of its former officers, directors, employees, agents, representatives and attorneys at the time Zenith was acquired by IVAX.

(C) "Document" shall be interpreted in its broadest possible sense and at a minimum shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term. Document as used herein includes the form of any medium in which information is stored including but not limited to computer memory, computer tapes, disk or diskettes, film, paper, photographic paper, and any video or audio tapes and also includes any documents in electronic form, including a document stored in or on a computer, back-up tape or other electronic storage medium or other electronic device or in electronic mailboxes or any form of "e-mail."

(D) "Relating to" means referring to, describing, evidencing or constituting.

AO 88(Rev. 11/91) Subpoena in a Civil Case

# United States District Court
Southern District of Florida

Eli Lilly and Company

V.

Zenith Laboratories, Inc.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: IP 95 536-C-B/S
Southern District of Indiana

TO: Richard Pfenniger
8800 N.W. 36th Street
Miami, Florida 33166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hunton & Williams<br>One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | October 26, 2000<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Lewis F. Powell III, Attorney for Plaintiff | October 11, 2000 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lewis F. Powell, III, Esquire
Hunton & Williams
Riverfront Plaza, East Tower, 951 East Byrd Street
Richmond, Virginia 23219-4074 804-788-8488

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on Reverse)

AO 88(Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

## RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(v) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding part to contest the claim.

AO 88(Rev. 11/91) Subpoena in a Civil Case

# United States District Court

Southern District of Florida

Eli Lilly and Company

v.

Zenith Laboratories, Inc.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: IP 95 536-C-B/S
Southern District of Indiana

TO: Philip Frost
IVAX Corporation
4400 Biscayne Boulevard
Miami, Florida 33137

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hunton & Williams<br>One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | October 25, 2000<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Lewis F. Powell III (signature) Attorney for Plaintiff | October 11, 2000 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lewis F. Powell, III, Esquire
Hunton & Williams
Riverfront Plaza, East Tower, 951 East Byrd Street
Richmond, Virginia 23219-4074 804-788-8488

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on Reverse)

AO 88(Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(v) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding part to contest the claim.

ATTACHMENT / EXHIBIT B

RECYCLED PAPER

HUNTON & WILLIAMS

RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804-788-8200
FAX 804-788-8218

THOMAS O. SLATER, JR.
DIRECT DIAL: 804-788-8475
EMAIL: tslater@hunton.com

FILE NO: 29653.000008

September 28, 2000

UPS Next Day Air

Stephen E. Arthur, Esq.
Harrison & Moberly
135 North Pennsylvania
Suite 2100
Indianapolis, IN 46204

Keith E. Rounsaville, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
401 East Jackson Street, Suite 2200
Tampa, FL 33602

<u>Eli Lilly and Company v. Zenith</u>

Dear Steve and Keith:

Based on our deposition of Mr. Klein, it has become apparent that we have not received all of the relevant files and documents from Zenith and Ivax relating to cefaclor. In this regard, Mr. Klein testified as follows:

(1) Mr. Klein discussed Zenith's efforts to obtain cefaclor with the Chairman of Zenith, Leslie P. Daniels, and these discussions should be reflected in the minutes of the meetings of the Board of Directors of Zenith (Klein dep. pp. 286-287);

(2) As part of the evaluation and due diligence process related to Ivax's acquisition of Zenith in 1994, Klein (a) had conversations and communications with Richard Pfenniger (dep. p. 204) regarding Zenith's efforts to obtain cefaclor and (b) Klein would have valued Zenith higher had it been able to obtain cefaclor from ACS Dobfar (dep. p. 490);

(3) Zenith's and Ivax's efforts to obtain cefaclor were discussed by Klein with Dr. Frost and Richard Pfenniger (dep. p. 334);

HUNTON & WILLIAMS



(4) Dr. Frost, Mr. Klein and others from Ivax met with Opos representatives on at least two occasions in Miami to discuss cefaclor (dep. p. 335).

To obtain the additional documents referenced in Mr. Klein's testimony described above, we propose a Rule 30(b)(6) deposition of Ivax Corporation on October 12. Attached is a copy of the notice, subpoena and schedule of relevant documents. Once we have reviewed the files referenced in the 30(b)(6) notice, we propose the following depositions on the dates listed:

| | |
|---|---|
| Philip Frost | October 16 |
| Richard Pfenniger | October 17 |
| Shelly Kaplan | October 18 |
| Richard Friedman | October 23 |
| Leonora Gavalas Klein | October 24 |
| Leslie P. Daniels | October 25 |

I would be grateful if you could advise Lewis or me by Monday, October 2, if the foregoing 30(b)(6) deposition can be scheduled on October 12 as proposed. If not, please provide us with alternative dates. Similarly, please let us know if you will accept service of the enclosed subpoena and notice on behalf of Ivax or if we need to have it served.

With respect to the remaining depositions, I would be grateful if you would let us know by October 4 if the dates proposed are acceptable. If not, please provide alternative dates. Likewise, please let us know if we need to subpoena the witnesses or if you will accept service on their behalf.

Sincerely yours,

Thomas G. Slater, Jr.

tgs/cls
Enclosures

ATTACHMENT / EXHIBIT C

RECYCLED PAPER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ELI LILLY AND COMPANY,

Plaintiff,

v.

ROUSSEL CORP., et al.,

Defendants.

Civil Action No. 97cv2009(JAG)

## NOTICE OF 30(b)(6) DEPOSITION

TO: Stephen E. Arthur
HARRISON & MOBERLY
135 N. Pennsylvania
Indianapolis, IN 46204
Counsel for Zenith Goldline Pharmaceuticals, Inc., formerly Zenith Laboratories, Inc.

William L. Mentlik
LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP
600 South Avenue West, Suite 300
Westfield, NJ 07090-1497
Counsel for Zenith Goldline Pharmaceuticals, Inc., formerly Zenith Laboratories, Inc.

Keith E. Rounsaville
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
401 E. Jackson Street, Suite 2200
P.O. Box 3299
Tampa, FL 33601
Counsel for Zenith Goldline Pharmaceuticals, Inc., formerly Zenith Laboratories, Inc.

Plaintiff Eli Lilly and Company, by their attorneys, will take the deposition upon oral examination of IVAX Corporation, pursuant to Federal Rule of Civil Procedure 30(b)(6), by a person or persons designated to testify as to all matters known or reasonably available to the deponent corporation, concerning the subjects set forth in the schedule to the accompanying subpoena.

The deposition shall be conducted before a notary public or other officer authorized to administer oaths at the office of Hunton & Williams, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, or such other place as is agreed upon by the parties. The deposition is scheduled to take place at 9:00 a.m. on Thursday, October 12, 2000, and shall continue from thereafter until completed. You are invited to attend and cross examine.

Thomas G. Slater, Jr.
Lewis F. Powell, III
John S. Martin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8218

John R. Schaibley, III
Nancy G. Tinsley
BAKER & DANIELS
Suite 2700
300 North Meridian Street
Indianapolis, IN 46204
(317) 237-0300

Paul H. Berghoff
Grantland G. Drutchas
James C. Gumina
MCDONNELL, BOEHNEN, HULBERT & BERGHOFF
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

*Attorneys for Plaintiff and Counterclaim Defendant Eli Lilly and Company*

DATED: September 28, 2000

## CERTIFICATION OF SERVICE

I certify that on this 28th day of September, 2000, I caused to be served via UPS Overnight delivery copies of the attached Notice of Deposition, subpoena and schedule of documents upon the following:

Stephen E. Arthur
HARRISON & MOBERLY
Suite 2100
135 North Pennsylvania Street
Indianapolis, IN 46204

Arnold H. Krumholz
William L. Mentlik
LERNER, DAVID LITTENBERG,
KRUMHOLZ & MENTLIK
600 South Avenue West
Westfield, NJ 07090-1497

Jay B. Shapiro
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Miami, FL 33130

Keith E. Rounsaville
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
401 East Jackson Street, Suite 2200
Tampa, FL 33602

[signature]

AO 88(Rev. 11/91) Subpoena in a Civil Case

# United States District Court
Southern District of Florida

Eli Lilly and Company

v.

Zenith Laboratories, Inc.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: IP 95 536-C-B/S

TO: IVAX Corporation
4400 Biscayne Boulevard
Miami, Florida 33137

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hunton & Williams<br>One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | October 12, 2000<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached subpoena schedule

| PLACE | DATE AND TIME |
|---|---|
| Hunton & Williams<br>One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | October 12, 2000<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | September 28, 2000 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas G. Slater, Jr., Esq.
Hunton & Williams
Riverfront Plaza, East Tower, 951 East Byrd Street
Richmond, Virginia 23219-4074 804-788-8475

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on Reverse)

AO 88(Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ ____________________
DATE SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

## RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(v) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Eli Lilly and Company, by counsel, hereby commands IVAX Corporation to produce, permit inspection and copying of the following documents, records and writings:

(1) All transaction documents relating to IVAX's acquisition of Zenith that relate to Zenith's suppliers of generic drugs or Zenith's efforts to obtain suppliers for generic drugs, including, but not limited to, cefaclor;

(2) Each and every "due diligence request list" or other request for information sent by IVAX's attorneys or financial advisors to Zenith which relate to Zenith's existing or proposed supply arrangements with ACS Dobfar, Opos, Gist Brocades or Ranboxy;

(3) Each and every document relating to the preparation of a "due diligence" request list or other request for information, including, but not limited to, memoranda, agendas, or meeting minutes relating to Zenith's suppliers or potential suppliers of generic drugs, including but not limited to ACS Dobfar, Opos, Gist Brocades or Ranboxy;.

(4) All documents relating to contacts or communications by or on behalf of IVAX to Zenith's suppliers or potential suppliers of generic drugs, including, but not limited to, correspondence, internal memoranda, records of telephone calls, or any memorialization of discussions regarding such contacts.

(5) All documents or materials received from Zenith, or anyone acting on behalf of Zenith, in response to a "due diligence request" or other request for information sent by or on behalf of IVAX relating to Zenith's suppliers of generic drugs or Zenith's efforts to obtain suppliers for generic drugs, including but not limited to cefaclor;

(6) Any documents relating to presentations made to IVAX by or on behalf of Zenith relating to Zenith's suppliers of generic drugs or Zenith's efforts to obtain supplies for generic drugs prior to Zenith's acquisition by IVAX;

(7) All documents relating to business or financial forecasts or similar plans or presentations received from Zenith or made on behalf of Zenith, including, but not limited to, all background information and underlying assumptions used in preparing such forecasts or plans relating to the sale and marketing of cefaclor;

(8) All documents relating to any forms or materials filed with the U.S. Securities and Exchange Commission ("SEC") necessitated by the acquisition of Zenith. Such documents shall include, but are not limited to:

(a) memoranda, correspondence, meeting minutes or other documents relating to the preparation of the disclosures required under SEC regulation SK 101, item C(I)(iii).

(b) all "comment letters" received from the SEC relating to IVAX's form S-4 filed in conjunction with IVAX's acquisition of Zenith.

(c) all documents relating to IVAX's response to the comment letters described above, including, but not limited to, notes, memoranda, correspondence, and documents memorializing discussions relating to the preparation of such responses.

(9) All documents relating to IVAX's determination of the acquisition value of Zenith, including, but not limited to, all calculations and underlying assumptions, outside reports, or other *pro forma* documents.

DEFINITIONS

(A) "You" means IVAX Corporation and each of its present and former officers, directors, employees, agents, representatives, financial advisors, and attorneys; its direct or indirect corporate parents, subsidiaries, divisions, or affiliates; and its predecessors or successors.

(B) "Zenith" means Zenith Laboratories, Inc., and each of its former officers, directors, employees, agents, representatives and attorneys at the time it was acquired by IVAX.

(C) "Document" shall be interpreted in its broadest possible sense and at a minimum shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term. Document as used herein includes the form of any medium in which information is stored including but not limited to, computer memory, computer tapes, disk or diskettes, film, paper, photographic paper, and any video or audio tapes and also includes any documents in electronic form, including a document stored in or on a computer, back-up tape or other electronic storage medium or other electronic device or in electronic mailboxes or any form of "e-mail."

(D) "Relating to" means referring to, describing, evidencing or constituting.

ATTACHMENT / EXHIBIT D

RECYCLED PAPER

LAW OFFICES

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

SUNTRUST FINANCIAL CENTRE - SUITE 2200
401 EAST JACKSON STREET
TAMPA, FLORIDA 33602

TELEPHONE (813) 223-4800
PINELLAS (813) 443-3772 • FAX (813) 222-5089
WWW.SWMWAS.COM

E. RICHARD ALHADEFF
LOUISE JACOWITZ ALLEN
STUART D. AMES
ALEXANDER ANGUEIRA
LAWRENCE J. BAILIN
ANA T. BARNETT
PATRICK A. BARRY
SHAWN BAYNE
SUSAN FLEMING BENNETT
LISA K. BERG
MARK J. BERNET
HANS C. BEYER
RICHARD L. BLINDERMAN
JENNIFER STEARNS BUTTRICK
MATTHEW W. BUTTRICK
PETER L. DESIDERIO
MARK P. DIKEMAN
DREW M. DILLWORTH
DINO A. DOYLE
SHARON QUINN DIXON
ALAN H. FEIN
ANGELO M. FILIPPI
ROBERT E. GALLAGHER, JR.
CHAVA E. GENET
LATASHA A. GETHERS
PATRICIA K. GREEN
JOSEPH K. HALL
LISHA D. HOGUE
ALICE R. HUNEYCUTT
RICHARD B. JACKSON
SHARON LEE JOHNSON
MICHAEL I. KEYES
ROBERT T. KOFMAN
CHAD K. LANG
FRANK J. LOPEZ
TERRY M. LOVELL
JOY SPILLIS LUNDEEN
GEOFFREY MACDONALD
MONA E. MARKUS
BRIAN J. McDONOUGH
ANTONIO R. MENENDEZ
FRANCISCO J. MENENDEZ
ALISON W. MILLER
VICKI LYNN MONROE
HAROLD D. MOOREFIELD, JR.
JIMMY L. MORALES
JOHN N. MURATIDES
JOHN K. OLSON
KARA E. PLUNKETT
DAVID C. POLLACK
DARRIN J. QUAM
JOHN M. RAWICZ
PATRICIA A. REDMOND
ELIZABETH G. RICE
GLENN M. RISSMAN
ANDREW L. RODMAN
KEITH E. ROUNSAVILLE
MIMI L. SALL
NICOLE S. SAYFIE
RICHARD E. SCHATZ
DAVID M. SEIFER
JOSE G. SEPULVEDA
JAY B. SHAPIRO
MARTIN S. SIMKOVIC
CURTIS H. SITTERSON
MARK D. SOLOV
EUGENE E. STEARNS
THOMAS T. STEELE
BRADFORD SWING
SUSAN J. TOEPFER
ANNETTE TORRES
DENNIS R. TURNER
RONALD L. WEAVER
ROBERT I. WEISSLER
PATRICIA G. WELLES
MARTIN B. WOODS

OWEN S. FREED
SENIOR COUNSEL

THOMAS J. QUARLES
OF COUNSEL

DAVID M. SMITH
LAND USE CONSULTANT

MAILING ADDRESS
POST OFFICE BOX 3299
TAMPA, FLORIDA 33601

MIAMI OFFICE
MUSEUM TOWER
150 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

(305) 789-3200

FT. LAUDERDALE OFFICE
200 EAST BROWARD BOULEVARD
SUITE 1900
FT. LAUDERDALE, FLORIDA 33301

(954) 462-9500

October 6, 2000

Via Facsimile and U.S. Mail

Thomas G. Slater, Jr., Esq.
Hunton & Williams
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219-4074

Re: *Eli Lilly and Company v. Zenith Goldline Pharmaceuticals, Inc.*
Civil Action No. IP 95-536-C-B/S Indiana Southern District

Dear Tom:

After speaking with you yesterday evening, I reviewed the Rule 30(b)(6) deposition notice to Ivax Corporation, which is not a party to this litigation, and the Rule 45 subpoena, which requires Ivax to produce numerous categories of documents. If Ivax were a party, the procedure that you would be required to follow in order to obtain production of documents is the procedure under Rule 30(b)(5), which, in turn, requires compliance with Rule 34. At the very least, Rule 34 allows a party 30 days to respond in writing to a request for documents. You cannot shorten the 30-day requirement by serving a Rule 45 subpoena to a party.

Because Ivax is not a party and you have served a Rule 45 subpoena with your Rule 30(b)(6) notice, the provisions of Rule 45(c) apply to production of documents. Pursuant to Rule 45(c)(2)(b), this letter constitutes Ivax's written objections to your Rule 45 subpoena, as follows:

Thomas G. Slater, Jr., Esq.
October 6, 2000
Page 2

1. The subpoena is overbroad and compliance therewith would be unduly burdensome.

2. The time permitted for Ivax to respond to the subpoena is unreasonably short. Ivax will need at least 30 days to search for the documents identified in the subpoena.

3. The subpoena is overbroad and requests information not reasonably calculated to lead to discovery of admissible evidence.

4. Lilly has made no provision, as required by Rule 45(c)(1), to avoid imposing undue burden or expense on Ivax in responding to the subpoena. As provided in Rule 45(c)(1), Ivax will seek sanctions, including reasonable attorney's fees, based on Lilly's failure to comply with this requirement.

Regarding the six other depositions listed in your September 28, 2000 letter, I do not know whether any of the listed individuals, except Phillip Frost, has any association with Zenith or Ivax today. Thus, I cannot advise you when, if at all, any of those individuals will be available for deposition. I will, however, attempt to ascertain that information from my client.

In the meantime, I believe that a Rule 16 conference with the Magistrate Judge is appropriate. Lilly's discovery requests have become increasingly and unreasonably burdensome. Zenith believes that intervention of the Magistrate Judge now will assist in imposing some order on future discovery. Other issues, including improper designation of documents as confidential under the Protective Order, require resolution by the Court.

Very truly yours,

Keith E. Rounsaville

KER:lj
I:\W-CORR\KER\32414.241\Slater 02.wpd
9/29/00

cc: Stephen Arthur, Esq. (via facsimile)
Jay Shapiro, Esq. (via facsimile)
Cathy Coloca, Esq. (via facsimile)
Bill Mentlik, Esq. (via facsimile)
Lewis F. Powell, III, Esq. (via facsimile and U.S. Mail)

ATTACHMENT / EXHIBIT E

RECYCLED PAPER

**From:** Stephen Arthur
**To:** Lpowell@hunton.com
**Date:** 10/11/00 9:07PM
**Subject:** Lilly

I did not receive a call from you after my last e-mail. Here what I propose:

1. I will accept any subpoena which Lilly wants to serve on IVAX , Philip Frost or Richard Pfenniger. Zenith reserves its right to object to those subpoenas or notice of depositions on any procedural or substantive grounds available to it.

2. The depositions of Frost and Pfenniger should be scheduled during the last week of October. At least one day, and preferably two days, should separate each deposition.

3. Friedman, Gavalas and Daniels no longer work for Zenith, and Zenith does not control these witnesses. I believe you have the address for Gavalas. I will provide you the last known addresses for the other individuals once I receive them. You will have to subpoena the individuals yourself. Zenith reserves the right to assert all substantive and procedural objections to the taking of those objections, including the 10 deposition rule which Keith Rounsaville has previously discussed with you.

4. You still need to provide dates for the Perry deposition. I have waited some time for these dates. I am sure you are trying, but a firm date needs to be established. Once you have proposed dates, please advise and I will let you know what works.

There are other issues which need to be addressed such as Lilly's 30b6 notices, and the current efforts of Lilly's patent attorneys to take discovery on the patent claim. I will be out of the office until Friday and will be able to discuss these issues with you either then or the following Monday (depending on when I return to Indy on Friday). If you need a response from me on any issue, please use my voicemail, as I will not have access to an e-mail response. Stephen

**CC:** Krounsaville@swmwas.com

ATTACHMENT / EXHIBIT F

RECYCLED PAPER

HARRISON & MOBERLY
ATTORNEYS AT LAW

MICHAEL V. GOOCH
A. DONALD WILES, II
J. BRIAN NIEDERHAUSER
TIMOTHY J. HULETT
PATRICIA POLIS McCRORY
RICHARD L. McOMBER
JEFFREY W. SCRUPTURE
MARY ANN G. OLDHAM*
JOHN R. CROMER
R. DAVY EAGLESFIELD, III
WILLIAM J. HANCOCK*
SANDRA S. CARR, J.D., R.N.
STEPHEN D. LePAGE***
MARK W. PFEIFFER
TAMIE J. MOROG* **
PAUL C. SWEENEY
CYNTHIA M. KIRK
VICKI J. WRIGHT*
DANIEL I. HAYES
ANDERSON R. WHITE
ANGELA L. HAMM
RAYMOND A. BASILE

135 NORTH PENNSYLVANIA STREET
SUITE 2100
INDIANAPOLIS, INDIANA 46204

(317) 639-4511
FAX (317) 639-9565

WARREN C. MOBERLY
(1916-1989)

DOUGLAS A. TRESSLAR
(1961-1995)

OF COUNSEL:

JAMES D. HARRISON
RORY O'BRYAN*
JEFFREY R. SLAUGHTER
STEPHEN E. ARTHUR

THERESE M. MILLER, R.N.
NURSE CONSULTANT

HAMILTON COUNTY OFFICE:
11350 North Meridian Street Suite 610
Carmel, Indiana 46032
(317) 639-4511
FAX (317) 574-6055

* Registered Mediator
** Admitted to Practice in New York
*** Admitted to Practice in Illinois & Tennessee

October 19, 2000

Lewis F. Powell, III
Thomas G. Slater, Jr.
HUNTON & WILLIAMS
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219-4074

Re: *Eli Lilly and Company v. Zenith Goldline Pharmaceuticals, Inc.*
Civil Action No. IP 95-536-C-B/S Indiana Southern District

Gentlemen,

In response to your October 11, 2000 subpoena to IVAX, this letter constitutes IVAX's written objection, pursuant to Rule 45(c)(2)(b). IVAX incorporates and adopts the objections set forth in the October 6, 2000 letter from Keith Rounsaville to Thomas Slater, Jr. Specifically, IVAX sets forth the following objections with respect to the 30(b)(6) notice and Rule 45 subpoena to IVAX:

1. The subpoena is overbroad and compliance therewith would be unduly burdensome.

2. The time permitted for IVAX to respond to the subpoena is unreasonably short. IVAX will need at least 30 days to search for the documents identified in the subpoena.

3. The subpoena is overbroad and requests information not reasonably calculated to lead to discovery of admissible evidence.

4. Lilly has made no provision, as required by Rule 45(c)(1), to avoid imposing undue burden or expense on IVAX in responding to the subpoena.

As a result of Lilly's failure to comply with the provisions of Rule 45, IVAX intends to file an Emergency Protective Order with the U.S. District Court for the Southern District of Florida. Service of that motion shall be forthcoming shortly. Thank you.

Sincerely

HARRISON & MOBERLY

Stephen E. Arthur

ATTACHMENT / EXHIBIT G

RECYCLED PAPER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | Judge Sara Evans Barker |
| Plaintiff, | ) | |
| | ) | Magistrate Judge V. Sue Shields |
| vs. | ) | |
| | ) | Civil Action No. IP 95-536-C-B/S |
| ZENITH LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF IVAX CORPORATION**

Caterina Coloca, being first duly sworn upon her oath, states as follows:

1. I have personal knowledge of the facts set forth below and am competent to testify to the same.

2. I currently am and have been employed by IVAX Corporation ("IVAX") as its associated General Counsel.

3. I have received, a subpoena directed to IVAX served by Eli Lilly and Company ("Lilly").

4. The subpoena from Lilly contains a "Schedule A" which sets forth eleven separate and distinct areas of inquiry into which Lilly seeks to inspect and copy various documents.

5. It is my duty in my capacity as counsel for IVAX Corporation to ensure compliance with Lilly's subpoena.

6. Despite good faith and reasonable efforts to comply with the deadline established by Lilly in it subpoena, IVAX has been unable to complete the retrieval and review of the specified documents and represents that it will not be able to complete this process before the Monday, October 23, 2000 deadline.

7. The impending deadline imposed by Lilly is unreasonable and burdensome to IVAX due to the considerable amount of time that will be required by IVAX to thoroughly and accurately retrieve and review the documents necessary to respond in good faith to Lilly's request.

FURTHER AFFIANT SAYETH NAUGHT.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

IVAX CORPORATION

By: [signature]
Caterina Coloca

The foregoing instrument was acknowledged before me this 18th day of OCTOBER, 2000, by CATERINA COLOCA, who is personally known to me.

OFFICIAL NOTARY SEAL
AMELIA L DUARTE
COMMISSION NUMBER
CC704111
MY COMMISSION EXPIRES
JAN. 11,2002
NOTARY PUBLIC STATE OF FLORIDA

ATTACHMENT / EXHIBIT H

RECYCLED PAPER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | Judge Sara Evans Barker |
| Plaintiff, | ) | |
| | ) | Magistrate Judge V. Sue Shields |
| vs. | ) | |
| | ) | Civil Action No. IP 95-536-C-B/S |
| ZENITH LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF RICHARD C. PFENNIGER, JR.**

Richard C. Pfenniger, Jr., being first duly sworn upon his oath, states as follows:

1. I have personal knowledge of the facts set forth below and am competent to testify to the same.

2. I have been advised that Eli Lilly and Company has served a subpoena directing me to appear and testify at a deposition which is scheduled for October 26, 2000 at 9:00 a.m. in Miami, Florida.

3. I will be unavailable for the deposition for the entire week of October 23, 2000 through October 27, 2000 due to previously scheduled commitments.

FURTHER AFFIANT SAYETH NAUGHT.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

[signature]
Richard C. Pfenniger, Jr.

The foregoing instrument was acknowledged before me this 18th day of OCTOBER, 2000, by RICHARD C. PFENNIGER, JR., who is personally known to me.

Amelia L. Duarte

NOTARY PUBLIC STATE OF FLORIDA
OFFICIAL NOTARY SEAL
AMELIA L DUARTE
COMMISSION NUMBER
CC704111
MY COMMISSION EXPIRES
JAN. 11,2002

00-3968

# CIVIL COVER SHEET

CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE GARBER

**I (a) PLAINTIFFS**

ELI LIBBY and COMPANY

**DEFENDANTS**

ZENITH LABORATORIES

FILED BY ... D.C.
00 OCT 19 PM 2:27
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dade | 00CV3968 | Seitz | Garber

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SEE ATTACHED LIST

ATTORNEYS (IF KNOWN) RICHARD B. JACKSON
JOSE G. SEPULVEDA/STEARNS WEAVER MILLER
150 W. FLAGLER ST., 2400, MIAMI, FL 33130 (305) 789-3400

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

MISCELLANEOUS ACTION TO QUASH SUBPOENA

IVa. ______ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions * A or B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General *
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other *
- ☐ 550 Civil Rights * A or B

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 CLASS ACTION

DEMAND $ ______

Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE ______ DOCKET NUMBER ______

DATE 10/19/00

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 830154

Amount: ~~$5~~ $0000

M/ifp: ______

Date Paid: 10/19/00

**ATTORNEYS FOR PLAINTIFF**

John R. Schaibley, III
Nancy G. Tinsley
Baker & Daniels
300 North Meridian St., Ste 2700
Indianapolis, IN 46204
Attorneys for Plaintiff Eli Lilly and Company

Paul H. Berghoff
Grantland G. Drutchas
James C. Gumina
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive, Suite 700
Chicago, IL 60606

Douglas K Norman
James P. Leeds
Eli Lilly and Company
Lilly Corporate Center
Indianapolis, IN 56285
Of Counsel for Plaintiff
Eli Lilly and Company

Lewis F. Powell, III, Esq.
Hunton & Williams
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219-4074
Attorneys for Plaintiff
Eli Lilly and Company

Stephen E. Arthur, Esq.
Harrison & Moberly
135 North Pennsylvania
Suite 2100
Indianapolis, IN 46204
Attorneys for Zenith
Laboratories